DOWNEY, Judge.
In June, 1983, appellant was placed on five years’ probation for dealing in stolen property. Some three and one-half years later, appellant was charged with violating his probation by failing to live and remain at liberty without violating any law in that he was arrested in Ohio for unlawful possession of dangerous ordinance and arrested for domestic violence. Appellant was convicted of both of said offenses, the first being a fourth degree felony and the latter being a misdemeanor.
Appellant elected to be sentenced under the guidelines, which provided for a recommended sentence of community control or twelve to thirty months’ incarceration. Further, pursuant to Florida Rule of Criminal Procedure 3.701 d.14, the trial court was allowed to “bump” the recommended sentence up one cell to two and one-half to three and one-half years’ imprisonment based on the mere fact that there was a violation of probation.
At the probation violation hearing the trial court received into evidence a certified copy of the Ohio convictions. The only *1176 witness was a former sheriffs detective from Ohio, who had investigated the charges for which appellant had been convicted. He described the unlawful ordnance as a silencer for a sub-machine gun and five and one-quarter pounds of C-4 plastic explosives. Over objection, the detective testified that appellant was a suspect in several other serious crimes and, as a result, he saw him as a menace to society.
The trial judge found appellant guilty of violating his probation and departed from the guidelines by sentencing appellant to fifteen years’ imprisonment. The grounds for departure were:
[T]here are clear and convincing reasons for an upward departure from the recommended sentencing guidelines in the instant case based on the egregious nature of the Defendant’s violation of probation. The Defendant was found guilty by a jury and convicted of Possession of Dangerous Ordinance [sic] in Green County, Ohio, for having possessed C-4 explosives on May 12, 1986. Based on the foregoing, as well as the live testimony of Dale Oakley, a witness in that case, this court departs from the recommended sentencing guidelines range....
At sentencing, the state sought the maximum penalty of fifteen years, relying on State v. Pentaude, 500 So.3d 526 (Fla.1987). After reading the case, the trial judge announced that he believed the probation violations were more than minor infractions as referred to in Pentaude and, thus, based upon the egregious nature thereof, he was free to depart from the guidelines.
The certified question presented in Pen-taude was whether, under Florida Rule of Criminal Procedure 3.701 d.14, a person found guilty of violation of probation may be sentenced beyond the next higher cell where the trial court finds the circumstances surrounding the violation to be a clear and convincing reason for departure. The supreme court answered the question in the affirmative and went on to point out that the automatic one cell bump for probation violation did not preclude a departure from the guidelines if the circumstances justified it. In this regard, the court said:
Finally, we note agreement with the district court’s holding that “[w]here a trial judge finds that the underlying reasons for violation of probation (as opposed to the mere fact of violation) are more than a minor infraction and are sufficiently egregious, he is entitled to depart from the presumptive guidelines range and impose an appropriate sentence within the statutory limit.” ...
Rule 3.701 d.14 merely recognizes that sentencing following revocation of probation is a serious matter, and so allows for a one cell departure without the necessity of any other reason. By no means, however, does the rule even purport to completely limit the trial court’s discretion in sentencing when compelling clear and convincing reasons call for departure beyond the next cell. The trial judge has discretion to depart based upon the character of the violation, the number of conditions violated, the number of times he has been placed on probation, the length of time he has been on probation before violating the terms and conditions, and any other factor material or relevant to the defendant’s character.
500 So.2d at 528 (Citations omitted).
Following the doctrine of Pentaude, we would certainly agree that appellant’s probation violations were not minor infractions. We would assume failure to file reports or failure to make insignificant payments provided for in the probation conditions are that type of infraction the court was referring to. The difficult question presented is whether the commission of a felony involving possession of dangerous explosives and a misdemeanor involving domestic violence are sufficiently egregious to enable the trial judge to depart the guidelines. Most of the other evidence adduced from the Ohio detective was objected to as hearsay, which, even if admissible, did not constitute clear and convincing grounds for departure.
Certainly the misdemeanor involved, standing alone, would not be so egregious as to warrant a departure. However, we *1177 would be simply second-guessing the trial judge if we hold the felony possession of a serious quantity of dangerous explosives and a sub-machine gun silencer by a probationer who, among other things, is enjoined from possession of weapons or firearms without permission of the probation officer was not so egregious as to warrant departure. We, therefore, hold that there was at least one valid ground for the departure in question justifying our affirming the sentence.
AFFIRMED.
HERSEY, C.J., and ANSTEAD, J., concur.